IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENITA YVONNE JONES,

        Plaintiff,

    vs.

CAROLYN COLVIN, Acting Commissioner of Social Security,[1]

        Defendant.

Civil Action No. 1:12-227

AMBROSE, Senior District Judge

## OPINION and ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion (Docket No. 10) is denied and Plaintiff's Motion (Docket No. 8) is granted to the extent that the case is remanded to the Commissioner for further proceedings consistent with the Opinion that follows.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff applied for SSI on or about

---

[1] Carolyn Colvin became the Acting Commissioner of Social Security on February 14, 2013 and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

June 9, 2009. (R. 154-160, 183). In her application, she alleged that since April 15, 2009, she had been disabled due to degenerative disc disease and cysts on both knees. (R. 175-182). Administrative Law Judge ("ALJ") James J. Pileggi held a hearing on June 9, 2011, at which Plaintiff was represented by counsel. (R. 26-47). Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. (R. 42-46). In a decision dated July 11, 2011, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. (R. 13-22). Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on July 27, 2012, the Appeals Council denied Plaintiff's request for review. (R. 1-6). Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). The issues are now ripe for my review.

## II.   LEGAL ANALYSIS

### A.   STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial

2

evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts

3

to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

B. **WHETHER THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE OF RECORD**

The ALJ found that Plaintiff had severe impairments, including mild degenerative joint disease of both knees with some effusion and a Popliteal cyst in the left knee, and vertigo (Meniere's disease).  R. 15.  He further found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except that, during any given 8 hour work day, she had the following additional functional limitations:  she could not crawl, kneel, climb, balance, or work around heights; she also could not squat or work around dangerous machinery.  (R. 16). Plaintiff primarily argues that this RFC finding is deficient because the ALJ improperly relied on the opinion of a non-examining state agency physician, Dilip Kar, and granted too little weight to the opinions of Plaintiff's treating physician.  Plaintiff also argues that the ALJ misconstrued Plaintiff's physical therapy records and, thus, erroneously deemed her an uncooperative patient. See Pl.'s Br. [ECF No. 9] at 10-12.

Plaintiff first contends that Dr. Kar's findings do not meet the substantial evidence test because his report is no more than a "check the box" form and, therefore, is weak evidence at best.  Id. at 10.  Contrary to Plaintiff's assertions, Dr. Kar did not merely "check" a box indicating Plaintiff was not disabled.   Rather, on or about September 10, 2009, Dr. Kar properly completed a thorough five-page Social Security Administration Physical Residual Functional Capacity Assessment Form on which he evaluated Plaintiff's functional limitations, if any, in numerous

categories, including exertional, postural, manipulative, and environmental limitations. (R. 265-271). As instructed in Section I of the form, Dr. Kar was required to check the blocks that reflected his reasoned judgment based on all of the evidence in the file. (R. 265). Also in compliance with the instructions on the form, Dr. Kar attached a two-page explanation of the evidence he reviewed and how that evidence substantiated his conclusions. Among other things, Dr. Kar cited the objective medical evidence then of record, as well as Plaintiff's medical history, self-reported activities of daily living, and statements regarding her symptoms and their effects on her ability to function. (R. 270-271). For all of these reasons, Dr. Kar's report is far from a mere check-the-box form unaccompanied by supporting evidence, and the ALJ did not err in considering it.

Plaintiff's suggestion that Dr. Kar's status as a non-examining state agency physician renders his opinions unreliable likewise is without merit. As the Government notes, it is well-established that although the ALJ is not bound by opinions of state agency medical consultants like Dr. Kar, such consultants "are highly qualified physicians ... who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants ... as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. § 416.927(e)(2)(i); Soc. Sec. R. 96-6p. Consistent with the regulations, the courts within this Circuit have recognized that the opinions of state agency consultants merit significant consideration and that, in appropriate circumstances, the ALJ is entitled to rely upon the opinion of such physicians over that of a treating or examining physician. See, e.g., Chandler v. Commissioner of Social Security, 667 F.3d 356, 361-62 (3d Cir.2011); Malfer v. Colvin, Civ. A. No. 12-169J, 2013 WL 5375775, at *4 (W.D. Pa. Sep. 24, 2013).

Although Plaintiff's arguments above are unpersuasive, I agree with her that remand to the Commissioner is appropriate in this case for two reasons. First, the ALJ's Opinion suggests that he engaged in impermissible speculation with respect to Dr. Kar's report in relation to Plaintiff's Meniere's disease (vertigo). The ALJ admitted there was not much evidence in the medical records elaborating on Plaintiff's diagnosis of Meniere's disease; however, he "view[ed] the evidence in a light most favorable to" Plaintiff and found that her Meniere's disease was a severe impairment. (R. 19-20). In discussing Plaintiff's resultant limitations, the ALJ relied heavily on Dr. Kar's report. Although the ALJ acknowledged that Dr. Kar did not have the opportunity to consider Plaintiff's diagnosis of Meniere's disease, he nevertheless cited Dr. Kar's report as incorporating the "type of limitations that *such an impairment could arguably impose* on the claimant (for example, the need to avoid heights and dangerous machinery)." (R. 19, emphasis added).[2]

It is well-established that an ALJ may not make purely speculative inferences from medical reports. See Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999); Smith v. Califano, 637 F.2d 968, 972 (3d Cir. 1981). The ALJ also may not substitute his judgment about Plaintiff's condition for that of the medical experts. Plummer, 186 F.3d at 429. In an SSI case, if the ALJ feels that the medical documentation is lacking or unclear, it is incumbent upon him to secure any additional evidence he believes is needed to make a sound determination. Ferguson v. Schweiker, 765 F.2d 31, 36 (3d Cir. 1985). In guessing as to the type of limitations vertigo "arguably" could impose and then presuming that Dr. Kar accounted for those types of limitations in his report, the ALJ appears to have engaged in just this type of improper speculation.[3] If the

---

[2] The ALJ accepted Plaintiff's testimony that she experiences dizziness caused by her vertigo, but he found no substantiation for her complaints that the vertigo affects her concentration. (R. 17).

[3] In so ruling, I do not reject Plaintiff's reliance on Dr. Kar's opinion simply because that opinion pre-dated other medical records and reports or that there was a gap in time between the report and the administrative

ALJ felt the record as to Plaintiff's Meniere's disease was lacking, his job was to attempt to secure additional evidence, not to extrapolate Dr. Kar's findings regarding knee arthritis to a later-in-time diagnosis of vertigo.

The second basis for ordering remand concerns the ALJ's assessment of Plaintiff's credibility. As Plaintiff notes, the ALJ appears to have placed substantial weight on the "fact" that Plaintiff was "uncooperative" at her physical therapy appointments in August 2009. [ECF No. 9, at 11]. In particular the ALJ noted that although Plaintiff initially cooperated with therapists in her initial physical therapy sessions and her home regimen, she became, "in essence, uncooperative by refusing to continue various physical therapy exercises" at her session on August 11, 2009. (R. 19, citing R. 255). The ALJ continued that, at her next appointment on August 13, 2009, Plaintiff's "treating therapists noted that it was very difficult to assess the level of relief that the claimant received from her prescriptive medications due to the claimant being 'preoccupied' (which statement can arguably be construed as 'note' that the claimant was failing to fully cooperate with her physical therapy (and, due to the prescriptive medication at issue) the advice of her treating physicians))." (R. 19). The ALJ stated that Plaintiff's "failure to follow prescribed treatment" could constitute grounds for denial of a disability claim and that Plaintiff's "failure to cooperate with her physical therapists also undermine[d] her overall credibility in processing" her claim. Id.

Generally, the ALJ is given great discretion in making credibility determinations, and such findings are entitled to judicial deference. See Smith, 637 F.2d at 972. In this case, however,

---

hearing. See Chandler v. Commissioner of Social Security, 667 F.3d 356, 361 (3d Cir.2011) (stating that "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it," and that it is for the ALJ to determine whether subsequent medical evidence impacts the earlier findings (citing SSR 96–6p)). Rather, the ALJ erred to the extent he speculated as to the types of limitations that vertigo may cause and that Dr. Kar would not have altered his conclusions had he considered Plaintiff's vertigo diagnosis – an impairment entirely unrelated to the knee arthritis that was the subject of Dr. Kar's report. (R. 19, 265-271).

7

the ALJ plainly misconstrued the physical therapy notes at issue. As the notes unambiguously reflect, Plaintiff was unable to complete her physical therapy exercises on August 11, 2009 due to unexpected menstruation, a fact the ALJ does not mention. (R. 255). Because Plaintiff was thus "preoccupied," her therapist was unable to assess her symptom response to her medications on that date. Id. Contrary to the ALJ's description in his opinion, there is no indication in the physical therapy notes that Plaintiff was uncooperative during her August 13, 2009 appointment, or that her therapists had any difficulties evaluating her on that date. Id. In this situation, the ALJ's credibility determination is not supported by substantial evidence and remand to reconsider that determination is appropriate. See, e.g., Smith, 637 F.2d at 972 (remand appropriate where ALJ had misconstrued evidence (citing Kennedy v. Richardson, 454 F.2d 376, 378 (3d Cir. 1978))); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981); Lehman v. Astrue, Civil Action No. 09-1449, 2010 WL 2034767, at *14 (W.D. Pa. May 18, 2010).[4]

### III. CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because the ALJ improperly speculated as to the types of limitations that Plaintiff's vertigo may cause and that Dr. Kar would not have altered his conclusions had he considered Plaintiff's vertigo diagnosis. The ALJ also misconstrued key evidence on which he relied to

---

[4] Plaintiff summarily argues that the ALJ further erred in finding that Plaintiff did not have a severe impairment in the form of carpal tunnel syndrome; and in failing to find that Plaintiff's knee condition met Listing 1.02 – major dysfunction of a joint. [ECF No. 9 at 11-12]. These cursory arguments are both unsupported in Plaintiff's brief and unsubstantiated by the record evidence. Accordingly, I do not consider them further here.

assess Plaintiff's credibility.   The case therefore is remanded for further consideration in light of this Opinion.   For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENITA YVONNE JONES,)
)
    Plaintiff,)
)
  vs.) Civil Action No. 1:12-227
)
CAROLYN COLVIN, Acting Commissioner)
of Social Security,[1])
)
    Defendant.)
)

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 22nd day of January, 2014, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment (Docket No. 10) is DENIED.

                        BY THE COURT:

                        /s/ Donetta W. Ambrose
                        Donetta W. Ambrose
                        U.S. Senior District Judge

---

[1] Carolyn Colvin became the Acting Commissioner of Social Security on February 14, 2013 and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).